IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

SHARON K. BUSCEMA, on behalf
of herself and all others similarly
situated,

        Plaintiff,

v.                       No. CIV 99-1379 BB/DJS

ALLSTATE LIFE INSURANCE
COMPANY,

        Defendant.

MEMORANDUM OPINION
AND
ORDER OF REMAND

THIS MATTER is before the Court on Plaintiff's motion to remand this matter to the First Judicial District Court of Santa Fe County (Doc. 15). The Court having considered the submissions of the parties and the relevant law, FINDS the motion is well supported and it will be GRANTED.

Facts

Plaintiff is the owner of an individual policy of life insurance issued by Defendant, Allstate Life Insurance Company ("Allstate"), an Illinois corporation.

Allstate gave Plaintiff the option to pay her annual premium semi-annually, quarterly or monthly. Plaintiff elected to pay on a quarterly basis, and now alleges that the premiums she paid exceeded the annual premium provided in her policy. Plaintiff contends Allstate did not disclose, in the policies or otherwise, either the dollar amount or percentage rate of the additional premium, interest, finance charge or time-price differential the insured would be required to pay for the privilege of making periodic payments.

The Complaint asserts a state common law claim for "breach of duty," claiming that such non-disclosure constitutes a breach of the requirement of good faith and fair dealing found in all insurance contracts. The Complaint also alleges Allstate's actions were willful, in bad faith, and in reckless disregard of the rights of its policyholders, and requests an award of punitive damages.

Upon information and belief, the Complaint further alleges that many thousands of Allstate policyholders are affected by Allstate's non-disclosures and concealment. Plaintiff seeks, individually and on behalf of a class consisting of Allstate's past (since January 1, 1985) and present individual life insurance policyholders who paid or pay premiums on other than an annual basis,

compensatory damages in an unspecified amount to be determined at trial, punitive damages, attorney's fees, and declaratory and injunctive relief.

On December 3, 1999, Allstate filed a Notice of Removal pursuant to 28 U.S.C. § 1441, alleging this Court has original jurisdiction under 28 U.S.C. § 1332 by reason of diversity of citizenship. Allstate's notice alleged the amount-in-controversy requirement had been met because Plaintiff requested punitive damages, and those damages should be aggregated (attributed to each potential member of the class) to satisfy the $75,000.00 jurisdictional amount requirement.

**Legal Standard**

Federal court jurisdiction is to be strictly construed[1] and "there is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863 (1995). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Where the Complaint is silent concerning the amount in controversy, the removing party bears the burden of establishing in the Notice of Removal the underlying facts establishing that the amount in controversy exceeds $75,000.00. *See Laughlin*, 50 F.3d at 873.

---

[1] *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941).

**Aggregation of Punitive Damages**

At the time Defendant filed its Notice of Removal, two circuit-level cases had allowed aggregation of punitive damages to meet the jurisdictional threshold. *See Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995). Other cases considering the issue had refused to allow such aggregation. *Gilman v. BHC Sec., Inc.*, 104 F.3d 1418, 1431 (2d Cir. 1997); *Ard v. Transcontinental Gas Pipe Line Corp.*, 138 F.3d 596 (5th Cir. 1998); *Anthony v. Security Pacific Fin. Serv., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996). In addition, since the Notice of Removal was filed in this case, the Eleventh Circuit has issued an opinion abrogating *Tapscott* and depriving it of any precedential value, due to a conflict between *Tapscott* and a prior Fifth Circuit opinion, decided before the Eleventh Circuit split from the Fifth. *See Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1075-77 (11th Cir. 2000) (discussing *Lindsey v. Alabama Tel. Co.*, 576 F.2d 593 (5th Cir. 1978), as well as *Tapscott*, and refusing to follow *Tapscott* because *Lindsey*, as a prior precedential opinion, retains its validity until it is overruled by an en banc opinion). Finally, the Court notes that the *Allen* case, while not overruled, has been questioned in an aside by a subsequent panel from the same Circuit. *See Ard*, 138 F.3d at 602 (pointing out

4

it is unclear what drove the *Allen* panel to depart from the rule established by *Lindsey*). In sum, there is now no Circuit allowing aggregation of punitive damages for jurisdictional purposes, except perhaps the Fifth Circuit and then only in cases decided under Mississippi law.[2]

The Tenth Circuit has not yet confronted the issue, but several district courts in this Circuit have followed the majority and rejected aggregation as a jurisdictional device. *Girrens, Inc. v. Simon DeBartolo Group, Inc.*, 976 F. Supp. 1399 (D. Kan. 1997); *Amundson & Assoc. Art Studio, Ltd. v. National Council on Compensation Ins., Inc.*, 977 F. Supp. 1116 (D. Kan. 1997); *Asten v. Southwestern Bell Tel. Co.*, 914 F. Supp. 430 (D. Kan. 1996); *Copeland v. MBNA Am., N.A.*, 820 F. Supp. 537 (D. Colo. 1993). The Judges in this District have also disallowed aggregation. *See Cadigan v. Transamerica Occidental Life Ins. Co.*, No. CIV 99-1406 LFG/KBM, slip op. (D.N.M. filed Feb. 22, 2000); *Kollecas v. State Farm Life Ins. Co.*, No. CIV 99-1428 WWD/LFG, slip op. (D.N.M. filed Feb. 16, 2000);

---

[2] Defendant attempts to argue New Mexico law concerning punitive damages is similar to Mississippi law, since the goal of such damages is not to compensate the plaintiff, but to deter wrongdoing by punishing the defendant. This argument is not convincing, since the same may be said about the punitive-damages-law of most states. *See, e.g., Gilman*, 104 F.3d at 1431 (discussing New York law). It is clear to the Court that *Allen* cannot logically be distinguished from the other Circuit decisions, all of which reject aggregation of punitive damages. Instead, *Allen* must be seen for what it is – a case disagreeing with, rather than persuasively distinguishing, the majority view.

*Azar v. Prudential Ins. Co. of America*, No. CIV 99-1037 BB/DJS, slip op. (D.N.M. filed March 7, 2000). This position also appears to be generally accepted by the district courts of other uncommitted circuits. *See, e.g., Green v. H&R Block, Inc.*, 981 F. Supp. 951 (D. Md. 1997); *Graf v. Safeco Ins. Co. of Am.*, 977 F. Supp. 971 (E.D. Mo. 1997); *Haisch v. Allstate Ins. Co.*, 942 F. Supp. 1245 (D. Ariz. 1996); *Snider v. Stimson Lumber Co.*, 914 F. Supp. 388 (E.D. Cal. 1996); *Johnson v. Gerber Prods. Co.*, 949 F. Supp. 327 (E.D. Pa. 1996); *Weinberg v. Sprint Corp.*, 165 F.R.D. 431 (D.N.J. 1996).

Given the established law in other Circuits, and the majority position of district courts in the Tenth Circuit, the Court will not allow aggregation of the potential punitive damages in this case. In other words, the possible punitive damages must be spread, on a pro rata basis, among all the members of the class to determine whether each member of the class meets the jurisdictional amount. Defendant has not attempted to show the potential punitive damages are so large that a class numbering over 700,000 policyholders (Transon Aff. p. 2) would each be entitled to more than $75,000 in punitive damages, once the total award was split up. Therefore, the Court rejects aggregation of the punitive damages as a basis for diversity jurisdiction.

**Injunction**

Defendant also argues that the cost of complying with Plaintiff's requested injunctive relief would total more than $75,000. Unlike some circuits which analyze jurisdictional amount solely on the basis of plaintiff's potential recovery, the Tenth Circuit has long recognized defendant's cost may also satisfy the threshold requirement. *See Ronzio v. Denver & R.G.W.R. Co.*, 116 F.2d 604, 606 (10th Cir. 1940); *Oklahoma Retail Grocers Ass'n v. Wal-Mart Stores, Inc.*, 605 F.2d 1155 (10th Cir. 1979). However, there are several difficulties with Defendant's argument.

First, the Notice of Removal filed in this case contained no mention of the costs of compliance with an injunction. Instead, as noted above, the sole amount-in-controversy issue discussed in the Notice was the punitive damages question analyzed above. In responding to Plaintiff's motion to remand this case, Defendant first raised the issue of the cost to Defendant should injunctive relief be granted in this case. Plaintiff contends this argument and the evidence submitted in support of it should be disregarded, because for removal purposes the Court must review only the Complaint and the Notice of Removal, ignoring any subsequent material submitted in an effort to support the removal. Under

Tenth Circuit precedent, it appears Plaintiff's argument has merit. *See Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (1995) (neither complaint nor petition for removal established requisite jurisdictional amount; defendant set forth facts in its brief regarding the amount in controversy, but failed to include those facts in the notice of removal; Tenth Circuit holds that both requisite amount in controversy and existence of diversity must be affirmatively established on face of either complaint or notice of removal; determines case should have been remanded).[3]

Moreover, if the Court were to consider the material submitted by Defendant, the result would not change. Defendant refers to the costs of postage to notify all class members of any new policy it might be forced to implement, as well as the costs of obtaining regulatory approval for a new pricing scheme for its policies. The total administrative costs claimed by Defendant are several times greater than the $75,000 jurisdictional threshold. The question remains, however, whether in a class action the total costs of complying with an injunction

---

[3] In a case prior to *Laughlin, City of Moore v. Atchison Topeka & Santa Fe Ry. Co.,* 699 F.2d 507, 510 (10th Cir. 1983), the Tenth Circuit did consider an affidavit attached to Defendant's motion for summary judgment, establishing the amount in controversy. However, *Laughlin* is the later pronouncement from the Tenth Circuit on this issue, and the Court is bound to follow *Laughlin.*

should be attributed to each member of the class, or whether the total should be divided pro rata among the entire class.

The Tenth Circuit, and district courts in this Circuit, have held it is improper to look to the total cost of defendant's compliance where the plaintiff's claims in a class action are separate and distinct. *Lonnquist v. J.C. Penney Co.*, 421 F.2d 597 (10th Cir. 1970); *Harris v. Nationwide Ins. Co.*, 78 F. Supp. 2d 1215 (D. Utah 1999). This result is in line with the law in other jurisdictions. As the Third Circuit has pointed out, "In a diversity-based class action seeking primarily money damages, allowing the amount in controversy to be measured by the defendant's cost would eviscerate [the principle] that the claims of class members may not be aggregated in order to meet the jurisdictional threshold." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1050 (3d Cir. 1993). Despite Defendant's attempts to argue to the contrary, this case is similar to the *Packard* case – a class action seeking primarily monetary damages, where each class member was injured individually, and in a unique amount. *See id.* fn. 14; *compare Justice v. A.T. & S.F. Ry. Co.*, 927 F.2d 503, 504 (10th Cir. 1991) (multiple plaintiffs joined in lawsuit to abate a common nuisance; cost of abating that nuisance was proper basis for diversity jurisdiction). The injunctive relief sought in this case is simply that

9

**Defendant cease each individual act of issuing or maintaining multiple-payment insurance policies without disclosing the added costs associated with such multiple payments. The total costs of complying with the injunctive relief sought, therefore, cannot be attributed to each class member. Again, since there are over 700,000 possible members of the class, Defendant's showing as to costs of compliance falls far short of establishing the jurisdictional amount will be met with respect to each member.**

**Conclusion**

**Based on the foregoing, Plaintiff's motion to remand this case to state court is well-taken and will be granted.**

**O R D E R**

**For the reasons set forth above, the Court finds this claim does not satisfy the requirement of 28 U.S.C. § 1441 as to the jurisdictional amount, and this case is therefore remanded to the First Judicial District Court.**

**Dated at Albuquerque this 1st day of June, 2000.**

                                                                                   _____
                                                                                   **BRUCE D. BLACK**
                                                                                   **United States District Judge**


**Counsel for Plaintiff:**

        **Dennis M. McCary**
        **Floyd D. Wilson**
        **McCary Wilson & Pryor**
        **Albuquerque, NM**

**Counsel for Defendant:**

        **Lisa Mann**
        **Jennifer A. Noya**
        **Modrall, Sperling, Roehl, Harris & Sisk, P.A.**
        **Albuquerque, NM**